UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONYALL E. WHITE-BEY, et al. | ) |
| Plaintiffs, | ) |
| v. | ) No. 2:20-cv-00331-JMS-MJD |
| ROBERT E. CARTER, JR., et al. | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Donyall E. White-Bey, a former inmate at Putnamville Correctional Facility ("Putnamville") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Wexford of Indiana, LLC ("Wexford") failed to properly treat his back and foot conditions and that defendant Grievance Officer Williams failed to appropriately address Mr. White-Bey's grievances about inadequate medical care. The defendants have both moved for summary judgment arguing that Mr. White-Bey failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Dkts.  Mr. White-Bey has filed no response to the defendants' motions and instead has moved for a preliminary injunction. Dkt. 54. For the following reasons, Mr. White-Bey's motion for preliminary injunction, dkt. [54], is **DENIED**, the defendants' motions for summary judgment, dkts. [42], [45] are **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Mr. White-Bey failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## BACKGROUND

### A. Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 47-1 at 1. Upon an offender's entry into IDOC and when transferred to receiving facilities during incarceration, each offender is advised of the offender grievance process during offender admission and orientation and provided a copy of the policy or instructions on how to access a copy. *Id.* at 2. The grievance procedures at Putnamville are noted in the inmate handbook and provided to inmates upon their arrival. *Id.* at 2.

From October 1, 2017 through March 31, 2020, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3. Following a change to the policy on April 1, 2020, offenders are no longer required to attempt informal resolutions before submitting a formal grievance. *Id.* at 3.

An inmate who wishes to submit a formal grievance must submit a completed grievance form (State Form 45471) to the grievance specialist. *Id.* at 2. If an inmate is dissatisfied with the grievance specialist's response, he must appeal the decision by submitting a Level 1 grievance appeal to the facility's warden or designee. *Id.* If an inmate is dissatisfied with the response to the Level 1 grievance appeal, he must appeal that decision by filing a Level 2 grievance appeal to the grievance manager. *Id.* Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.*

### B.  Mr. White-Bey's Participation in the Grievance Process

Putnamville records all grievance documents filed by inmates as well as all the responses and appeals issued by IDOC staff.  Dkt. 47-1 at 1. Mr. White-Bey's Putnamville grievance history report reflects that he has never filed an accepted formal grievance.  *Id*. at 3 (Williams Affidavit); dkt. 26-3 (Grievance History Report).

### III.
### DISCUSSION

The defendants seek summary judgment arguing that Mr. White-Bey failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an

affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, Defendants argue that the undisputed evidence demonstrates that Mr. White-Bey did not file a formal grievance in compliance with the grievance policy before filing this action. Therefore, they assert, he failed to complete even the first step in the offender grievance process and did not exhaust his administrative remedies. *See* dkts. 43 at 7-8; 46 at 5. The Court agrees.

Accordingly, because Mr. White-Bey failed to exhaust his available administrative remedies prior to bringing this action, his claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

Consistent with this ruling, Mr. White-Bey's motion for injunctive relief, dkt. [54], in which he asks the Court to order a specific course of treatment for his back and foot conditions (orthopedic boots, a firm mattress, wedge pillow, and a sitting apparatus), is **DENIED**.

### IV.
### CONCLUSION

For the reasons explained above, Mr. White-Bey's motion for preliminary injunction, dkt. [54], is **DENIED**, the defendants' motions for summary judgment, dkts. [42], [45] are **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/1/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DONYALL E. WHITE-BEY
#980181
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com

Sarah Jean Shores
KATZ  KORIN CUNNINGHAM, P.C.
sshores@kkclegal.com